UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYDRIAN LOFTON, | Case No.: C 11-1849 PSG |
| Plaintiff, | **ORDER DENYING DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND FOR EARLY EVALUATION CONFERENCE** |
| v. | |
| WENDY'S OF SANTA CLARA, INC., ET AL., | |
| Defendants. | **(Re: Docket No. 8)** |

On May 31, 2011, Defendants filed an "Application for Stay of Proceedings and Early Evaluation Conference Pursuant to New California Civil Code § 55.54." For the reasons discussed below, Defendants' request for a stay pursuant to California Civil Code § 55.54 is DENIED.

Defendants request an order staying this case pursuant to Section 55.54. Section 55.54(d) outlines a mandatory procedural requirement for a state court to order a 90-day stay of proceedings and set a mandatory early evaluation conference between 21 and 50 days after the order is issued in cases involving certain types of construction-related accessibility claims.

"[U]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[1] This doctrine also applies in federal question cases if a supplemental claim has its source in state law.[2] Whether a state law is procedural or substantive depends on whether the application of the state law will "significantly affect the *result* of a litigation"—the outcome determination test.[3] Here, the state procedural requirements of Section 55.54(d),

---

[1] *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426 (1996)).
[2] *Felder v. Casey*, 487 U.S. 131, 151 (1988).
[3] *Snead*, 237 F.3d at 1090 (emphasis added).

1

Case No.: 11-1849
ORDER

mandating a stay of the case and an early evaluation conference within a set time frame, may impact the expediency of the resolution of the case, much like the Early Neutral Evaluation conference in the Northern District often expedites the resolution of a case. Section 55.54(d), however, is not likely to change the end result of the litigation because it simply dictates a mechanism for scheduling the case.

Accordingly, Defendant's request for an order staying the case and ordering an early evaluation conference pursuant to Section 55.54(d) is DENIED.

Dated:  June 2, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-1849
ORDER